**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**WESTERN SURETY COMPANY**                                             **PLAINTIFF**

**v.**                                                                               **No. 1:21-cv-00158-MPM-DAS**

**AMASON & ASSOCIATES, INC., et al.,**                                  **DEFENDANT**

**ORDER**

This matter is before the Court on Defendants Gregory Construction Services, Inc., Aaron C. Gregory, Maya L. Gregory, and Roger A. Gregory's ("Gregory") Motion to Dismiss [43]. Plaintiff, Western Surety Company ("Western"), filed a response in opposition to the Motion [49], and Gregory filed a Reply [51]. The Court, having reviewed the record and carefully considered the applicable law, is now prepared to rule.

**BACKGROUND**

Western issued performance bonds in reliance on a General Agreement of Indemnity ("GAI") executed between Gregory and the individual defendants on August 21, 2012. Thereafter and at some time prior to August 9, 2019, Defendant Amason & Associates Inc. ("Amason") entered into a contract with Mississippi State University for a project that included the construction of improvements related to parking and a garage. On August 9, 2019, Amason entered into a subcontract agreement with Gregory to perform a portion of the work on the project. Western then issued subcontract performance and payment bonds to Gregory as the subcontractor as principal and Amason as obligee/contractor related to the project.

While Gregory was working on the project, disputes surfaced between Gregory and Amason concerning delays, the quality of Gregory's work, Amason's payment obligations, and Amason's right to set off against Gregory. Though Amason declared Gregory in default at some

point during the project, it did not make a claim against the performance bond. On May 20, 2021, Amason sent Western notice that it was making a claim against the performance bond and demanded payment of $182,999.17. Western then notified Gregory of Amason's demand. Gregory acknowledged limited liability on the project, but disagreed with Amason's claims about its responsibility for delays, workmanship issues, and its right to withhold payment. As a result, Western filed the complaint for declaratory judgment in the instant action. Thereafter, the Court granted Gregory's motion to stay pending arbitration, in which the Court noted that "disputes existing between Gregory Construction and Amason must be resolved prior to determining the relief [Western] seeks in the instant action and such disputes are subject to a written arbitration agreement." [24] at 1.

The Subcontract at issue between Amason and Gregory included an agreement to arbitrate all claims and disputes from the project. Gregory filed a demand for arbitration on December 30, 2022, which was followed by Amason's answer and counter-demand filed on January 19, 2023. The parties held an arbitration hearing October 17-20, 2023. On December 12, 2023, the arbitrator issued a Final Award to Gregory to be paid by Amason of $207,377.36. Following the Final Award, Western brought its claim for declaratory relief pursuant to Rule 57 of the Fed. R. Civ. P. and 28 U.S.C. § 2201.

## **STANDARD OF REVIEW**

A motion brought pursuant to Fed. R. Civ. P. 12(b)(1) is due to be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n of Miss. Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A court properly dismisses a case "for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Id.* The party asserting

2

jurisdiction has the burden of proof for a Rule 12(b)(1) motion to dismiss. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted).

A court may base dismissal for lack of subject matter jurisdiction on any one of the following: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (citation omitted); *Robinson v. TCI/US W. Commc'ns Inc.*, 117 F.3d 900, 904 (5th Cir. 1997). In making such an assessment, the existence of disputed material facts does not limit a court in its inquiry into jurisdictional claims. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Rather, a court may look beyond the pleadings to record evidence and testimony such as affidavits and exhibits to determine whether it has jurisdiction over a dispute. *Id.* ("The unique power of district courts to make factual findings which are decisive of jurisdiction is, therefore, not disputed."). In other words, a court in considering a subject matter jurisdictional challenge is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005).

## ANALYSIS

Defendants Gregory move to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. Gregory argues that because the resolution of Amason's claims against Gregory also resolve the underlying claim against the performance bond, no justiciable issue remains. In support, Gregory asserts that it and Amason agreed to release all claims related to the project and instant action, but Western has since refused to a release of claims and dismissal of this action without being paid its costs in bringing this action and in investigating Amason's claims. As argued by Gregory, a demand for costs is inappropriate under the GAI and Western has not brought a claim for monetary relief in this action so that the

action is moot and due to be dismissed.

In response, Western argues that Gregory's motion to dismiss should be denied because of Amason's claim of $182,999.17 against Western's Performance Bond, the liability of which is central to Western's indemnity claim. In addition, Western contends that its complaint is not moot because a judgment on the merits in its favor would be of practicable benefit to it. Western further asserts that the language of the GAI gives it broad rights to recover its fees and expenses. Western also counters that it issued the bonds to Amason and not Gregory.

Upon review, the subcontract contemplates that all disputes be resolved through arbitration. [43-3] at 17. The final award resolved all claims between Gregory and Amason regarding the project, and also denied Amason any affirmative relief. In particular, the final award states that the award "is in full settlement and consideration of all claims, counterclaims, and set-offs presented or which could have been presented at arbitration; and any claim, counterclaim or set-off not appearing in the above Award is hereby denied." [40-1] at 10.

Regarding Western's argument that the bonds were issued to Amason and not Gregory, the language of the bonds binds the principal and Surety "to the Obligee for the performance of the Subcontract." [43-1] at 2. As for Western's contention against dismissal because of Amason's claim of $182,999.17 against it, Western's complaint lacks such a claim. Nor does Western's complaint include allegations referencing the GAI between Gregory and the individual defendants with the Surety as to any rights to cover fees and expenses. While Western's response directs the Court to the definition of "Loss" in the GAI, it fails to make such a connection to allegations in its Complaint, a specific application to the issue raised, or even how such a claim remains based on allegations in its complaint following the final award. In addition, Western's recitation in its response of the definition of "Loss" in the GAI does not correlate to its relation to the terms as it

4

applies to Western in the GAI, subcontract, or final award. [43-2] at 1.

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 395 (5th Cir. 2024) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). When applied to the "context of a declaratory judgment action, the controversy must be 'such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop.'" *See Grinols v. Mabus*, 796 F. Supp. 972, 974 (N.D. Miss. 1992) (quoting *Rowan Co. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989)).

In the final award, the arbitrator restated that it was "undisputed that the subcontract between Amason and Gregory waives both parties' right to claim attorney's fees and denies the arbitrator authority to award such fees 'except to Contractor for indemnity claims.'" [40-1] at 5. Because the arbitrator found that the "credible evidence shows that the only property damage was to the work itself," in accordance with Section 10 of the subcontract regarding indemnity, that neither party is entitled to recover attorney's fees. *Id.*

Here, the arbitration and final award fully resolved the controversy at issue. Indeed, Western's complaint requests a declaration concerning its rights related to the controversy between Amason and Gregory. The final award resolves the dispute between Gregory and Amason so that Western has no liability to Amason. Western does not specifically make an allegation in its complaint requesting monetary relief nor indemnification past liability to Amason as contemplated by the performance bond. Consequently, the sole claim before the Court is moot and this action is due to be dismissed. Thus, after assessing the evidence, the Court concludes that, in light of the

foregoing, the defendants' motion to dismiss for lack of jurisdiction is due to be granted.

## CONCLUSION

For these reasons, Defendants Gregory Construction Services, Inc., Aaron C. Gregory, Maya I. Gregory, and Roger A. Gregory are entitled to the requested relief. Accordingly, Defendants' Motion to Dismiss [43] is **GRANTED**, and Plaintiff Western Surety Company's claims are **DISMISSED**.

**SO ORDERED** this the 24th day of July, 2024.

/s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**